UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN RIVERA-FIGUEROA,<br>*Petitioner*, | |
| v. | No. 3:24-cv-01618 (KAD) |
| WARDEN, DANBURY-FCI,<br>*Respondent*. | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Karen Rivera-Figueroa is serving a twenty-month sentence at FCI Danbury pursuant to a criminal judgment from the United States District Court for the District of Puerto Rico. Her estimated release date is November 18, 2025. *See* Doc. #13 at 2. She has filed a Petition for habeas corpus under 28 U.S.C. § 2241. Petitioner demands that her earned time credits under the First Step Act be applied "upfront" to her sentence such that she can be sent to home confinement or a community placement. *See* Doc. #1 at 7-8. She has also moved for the same relief pursuant to the Second Chance Act. *See* Doc. #3 at 1. Petitioner argues that this relief is warranted because she must care for her disabled daughter and because of her own health concerns. *See* Doc. #3 at 1-3.

Because the Petitioner's request for relief under section 2241 is premature, the Petition is DISMISSED without prejudice. To the extent that the Petition requests an order for a release custody placement under the Second Chance Act, the Petition is DENIED.

## DISCUSSION

As an initial matter, any request for a sentence reduction or compassionate release must be made in the district court where Petitioner was sentenced. *See United States v. Avery*, 807 Fed. App'x 74, 77 (2d Cir. 2020); *United States v. De Jesus Sierra*, 2021 WL 354954, at *3

(S.D.N.Y. 2021) (explaining that "Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge jurisdiction to consider a defense motion for Reduction in Sentence (RIS or 'Compassionate Release'")"; *Dov v. Bureau of Prisons*, 2020 WL 3869107, at *3 (S.D.N.Y. 2020) (denying compassionate release where the sentencing judge, in another district, had previously denied a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), noting that "[s]uch a request must . . . be made to the sentencing court"). Petitioner was sentenced in the United States District Court for the District of Puerto Rico. *See* Doc. #13-1, Breece Decl. at 2 (¶ 5).

Furthermore, the petition indicates that Petitioner is in the process of exhausting her Bureau of Prisons ("BOP") administrative remedies. Doc. #1 at 3 (¶ 7). Federal courts require that prisoners exhaust available administrative remedies before seeking judicial relief pursuant to 28 U.S.C. § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Gotiangco v. Danbury*, 2022 WL 7584716, at *1 (D. Conn. 2022). Federal regulations specifically require prisoners to complete a four-step administrative review process and by means of using particular administrative forms: (1) an attempt at informal resolution using a BP-8 form; (2) a written remedy request to the warden on a BP-9 form; (3) an appeal to the Bureau of Prisons (BOP) regional director on a BP-10 form; and finally (4) an appeal to the BOP general counsel's office on a BP-11 form. *See Donato v. Pullen*, 2023 WL 1967340, at *1 (D. Conn. 2023).

In response to this Court's order to show cause, Respondents have provided evidence to substantiate that Petitioner has not filed any BOP administrative remedies while in BOP custody. *See* Doc. #13-1, Breece Decl. at 4 (¶ 20). A court has discretion to excuse compliance with the BOP administrative remedies where "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3)

administrative appeal would be futile; and (4) in certain instances [where] a [petitioner] has raised a substantial constitutional question." *Emery v. Pullen*, 2023 WL 348114, at *4 (D. Conn. 2023) (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)). The record evinces no suggestion that irreparable injury will occur without immediate relief or that any other ground to excuse exhaustion applies. Nor has Petitioner shown she is eligible to have her First Step Act credits applied at this time. *See* 18 U.S.C. § 3624(g)(1)(A) (defining an "eligible prisoner" as one who "has earned time credits under the risk and needs assessment system . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"). Thus, Petitioner should continue her attempt to seek relief through exhaustion of her BOP remedies.

Finally, to the extent Petitioner requests an order to direct her prelease custody under the Second Chance Act ("SCA"), such request for relief must be denied. The SCA allows the BOP, in its discretion, to place inmates in prerelease custody in a residential reentry center or on home confinement during the final months of their term of imprisonment to adjust to and prepare for reentry into the community. *See* 18 U.S.C. § 3624(c)(1). Respondents have provided evidence that Petitioner has already received a review under the SCA for discretionary prerelease placement. ECF No. 13-1, Breece Decl. at 3 (¶ 13). As pre-release custody "placement under the SCA is within the sole discretion of BOP," Petitioner has no right to relief under the SCA in this Court. *Fall v. Stover*, 2024 WL 4564605, at *2 (D. Conn. 2024); *Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009) (explaining that the "BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC" (internal quotation marks omitted)).

## CONCLUSION

At this juncture, the Petitioner's request for relief under section 2241 is premature and must be DISMISSED without prejudice. To the extent the Petition requests an order for a prelease custody placement under the Second Chance Act, the Petition is DENIED. Petitioner may file a new section 2241 petition for relief under the First Step Act after she has fully exhausted the BOP administrative process. The Clerk of the Court is directed to close this case.

It is so ordered.

Dated at Bridgeport this 5th day of February 2025.

/s/*Kari A. Dooley*
Kari A. Dooley
United States District Judge